UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANGELA SANFORD, on behalf of
herself and those similarly situated,

CASE NO.:

       Plaintiff,

vs.

PANHANDLE GETAWAYS, LLC, a
Georgia Limited Liability Company,
and ANN SHANK, Individually

       Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA SANFORD, on behalf of herself and those similarly situated, sues the Defendant, PANHANDLE GETAWAYS, LLC, a Georgia Limited Liability Company, and ANN SHANK, Individually, and alleges:

1. Over the last several years, Defendants have employed numerous individuals, including Plaintiff, as cleaners to clean the vacation rental properties that Defendants advertise to the public. These cleaners are misclassified as "independent contractors." As a result of this misclassification, these cleaners are not paid overtime wages for their work performed in violation of the Fair Labor Standards Act. As a result of this pay practice, these misclassified cleaners have not been paid any overtime wages whatsoever for their overtime hours worked in the last three years.

2. Plaintiff was an employee of Defendants and brings this action for

1

unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

3. Plaintiff worked as a cleaner for Defendants wherein she was classified as an "independent contractor" at all times.

4. Plaintiff worked for Defendants from approximately June 2018 to September 2, 2020.

5. Defendant, PANHANDLE GETAWAYS, LLC, is a Georgia Limited Liability Company with its principal address in Panama City Beach, Florida and is within the jurisdiction of this Court.

6. At all times relevant to this action, ANN SHANK is an individual who owns and operates PANHANDLE GETAWAYS, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of PANHANDLE GETAWAYS, LLC.  By virtue of having regularly exercised that authority on behalf of PANHANDLE GETAWAYS, LLC, ANN SHANK is an employer as defined by 29 U.S.C. § 201, et seq.

7. This Court is the proper venue for this action as Plaintiff worked for Defendants in the Panama City Beach, Florida area.

8. Defendants offer "vacation home rentals in Panama City Beach, Destin, 30A or Ft. Walton Beach, Florida" area. *See* https://www.panhandlegetaways.com/, attached as Ex. A.

9. As part of the services Defendants provide, Defendants employ cleaners to clean the vacation home between rentals to ensure a clean, enjoyable experience for its customers.

10. Defendants classify these cleaners as independent contractors under the FLSA and do not pay them overtime compensation for overtime hours worked.

11. Defendants pay Plaintiff and other cleaners a piece rate with no additional overtime compensation paid.

12. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every cleaner who worked for Defendants as an independent contractor at any time within the past three (3) years.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

14. During Plaintiff's employment with Defendants, Defendant, PANHANDLE GETAWAYS, LLC, earned more than $500,000.00 per year in gross sales.

15. During Plaintiff's employment with Defendants, Defendant, PANHANDLE GETAWAYS, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

16. Included in such goods, materials and supplies were computers, telephones, servers, vehicles, office equipment and furniture, as well as numerous

other goods, materials and supplies which had been carried in interstate commerce.

17. Therefore, Defendant, PANHANDLE GETAWAYS, LLC, is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

18. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff and other cleaners as "independent contractors" and by failing to pay overtime compensation to Plaintiff and other cleaners.

19. However, the economic reality is that Plaintiff and the other cleaners are/were economically dependent upon Defendants and were employed by Defendants under the FLSA.

20. Defendants controlled the cleaners' job duties and pay.

21. Defendants dictated the price per home cleaners would be paid for their services.

22. Defendants instructed the cleaners which vacation homes to service.

23. Defendants would give cleaners a schedule to follow.

24. Cleaners could not leave these homes until the cleaning was complete or without the express permission of Defendants.

25. Defendants had certain standards it used to judge whether the cleaning was sufficiently don't by the cleaners.

26. Defendants would call the cleaners throughout the day to "check in" on them.

27. Defendants would threaten to take away the cleaners' work of the

cleaners did not follow the company's directives.

28. Defendants utilized a housekeeping manager who exercised control over the cleaners.

29. Defendants did not pay Plaintiff and its cleaners any additional overtime compensation for overtime hours worked.

30. Defendants only paid Plaintiff and the other cleaners their regular pay per house for all hours worked.

31. Plaintiff and the cleaners had no meaningful opportunity to choose the customers or homes they were assigned, or to bid or negotiate for certain jobs.

32. Plaintiff and the cleaners could not reject servicing certain homes which they were assigned.

33. The cleaning job duties performed by Plaintiff and other cleaners did not require advanced training or a special skill.

34. Plaintiff and many cleaners have worked for Defendants for years and it is not temporary work with Defendants.

35. Plaintiff worked with other cleaners who had worked similar (if not longer) lengths of employment as herself.

36. Plaintiff and the other cleaners were an integral part of Defendants' business because without these workers, Defendants' vacation rentals would not be cleaned and Defendants could not rent these homes and generate income off these rentals.

37. As such, Plaintiff and the other cleaners were truly employees of

Defendants under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them.

38. Upon information and belief, the records, to the extent any exist and are accurate, concerning the work performed and amounts paid to Plaintiff and the other cleaners are in the possession and custody of Defendants.

39. However, Defendants failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiff and other cleaners in violation of 29 C.F.R. § 516.20.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

41. Plaintiff and other cleaners are/were entitled to be paid overtime compensation for their overtime hours worked.

42. Plaintiff and other cleaners routinely worked overtime hours to finish the jobs given to them by Defendants in many workweeks.

43. Even though Plaintiff and the other cleaners routinely worked overtime hours, they were not paid any additional overtime compensation.

44. During their employment with Defendants, Plaintiff and the other cleaners were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked by them. *See supra.*

45. Defendants did not have a good faith basis for its decision to classify Plaintiff or other cleaners as independent contractors.

46. Defendants has shown reckless disregard in its repeated non-compliance with the FLSA in misclassifying its cleaners as independent contractors.

47. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and other cleaners complete overtime compensation, Plaintiff and the other cleaners have suffered damages plus incurring reasonable attorneys' fees and costs.

48. As a result of Defendants' willful or reckless violation of the FLSA, Plaintiff and the other cleaners are entitled to liquidated damages.

49. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, ANGELA SANFORD, on behalf of herself and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 19th day of October, 2020.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.
Florida Bar. No 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: RMorgan@forthepeople.com
**Attorneys for Plaintiff and the Class**